ESTATE OF GOODRICH: DANE COUNTY HUMANE SOCIETY, Appellant, vs. UNION TRUST COMPANY, Trustee, and another, Respondents.

*October 10—November 8, 1955.*

60

For the appellant there was a brief and oral argument by *Lucius A. Squire* of Madison.

For the respondent Union Trust Company there was a brief by *Wegener & Pasch* of Madison, and oral argument by *James H. Wegener*.

For the respondent Attorney General there was a brief by the *Attorney General* and *Gordon Samuelsen,* assistant attorney general, and oral argument by *Mr. Samuelsen.*

FAIRCHILD, C. J. A charitable trust was created. The articles of incorporation of the Dane County Humane Society specify that the business and purposes of the Dane County Humane Society shall be "aiding to secure the enforcement of the laws for the prevention or punishment of cruelty to animals, children, women, aged or dependent people, or criminals, . . ." A trust fund created for the purpose of carrying out those general aims undoubtedly constitutes a charitable trust. 10 Am. Jur., Charities, p. 638, sec. 76; 2A Bogert, Trusts and Trustees, p. 175, sec. 379; 3 Scott, Trusts, p. 2003, sec. 374.2.

The final judgment entered September 12, 1916, as modified by the circuit court judgment of March 22, 1917, in

effect construed the will. Such final judgment, as so modified, adjudged that after the death of those for whom the testator made provisions in her will, the unexpended balance of the principal "shall be by said trustee and executor placed in a fund to the [be] known as the Helena Goodrich Memorial Fund, the income of which shall be paid by said trustee at convenient intervals, preferably quarterly" to the appellant, to be expended by it for the general purposes of the organization. The plan and purpose of the trust are now to be found in that judgment.

The order of July 7, 1939, terminating the trust and ordering the residue turned over to the appellant Dane County Humane Society, was clearly erroneous. However, the court was not without jurisdiction to enter such order because of the continuing jurisdiction of county courts over the administration of testamentary trusts. Such order, being erroneous, was subject to reversal on appeal, but no appeal was taken from said order. After the Union Trust Company was discharged as trustee, following the giving by the appellant society of its receipt for the distribution of the residue, such Trust Company had no standing in court to institute the 1943 proceedings. Whether the county court on its own motion could have entered the order of August 9, 1943, correcting the mistake in the 1939 order we find it unnecessary to decide on this appeal.

While the trustee after its discharge was in no position to question the erroneous order of July 7, 1939, terminating the trust, it is clear that the attorney general could do so at any time because he was given no notice of the 1939 proceedings. The attorney general is the representative of the public in a proceeding to enforce a charitable trust. Sec. 231.34 (1), Stats. See also Restatement, 2 Trusts, p. 1183, sec. 391; 2A Bogert, Trusts and Trustees, p. 263, sec. 411; 11 C. J.,

Charities, p. 368, sec. 90. The order of July 7, 1939, was such a deviation in the proper carrying out of the charitable trust according to the will of the testatrix, as construed in the final 1916 judgment, as modified on appeal by the 1917 circuit court judgment, as to make it the duty of the attorney general to appear and object thereto after the matter reached his attention.

The attorney general did appear in the 1953 proceedings and sought to uphold the 1943 order vacating the erroneous 1939 order. The effect of the 1953 judgment before us on this appeal is to treat the erroneous 1939 order as a nullity. For the purposes of this appeal it is immaterial whether such result was attained by the 1953 judgment upholding the 1943 order or by such 1953 judgment operating to directly vacate the 1939 order.

We, therefore, conclude that inasmuch as the attorney general had the right in the 1953 proceedings to question the erroneous order of 1939, and the judgment appealed from does in itself accomplish the setting aside of such erroneous order, such judgment must be affirmed.

*By the Court.*—Judgment affirmed.